HOUBIGANT, INC. *v.* UNITED STATES

No. 5179.—Invoices dated Paris, France, March 3, 1936, etc.
Entered at New York March 12, 1936, etc.
Entry Nos. 813254, etc.

(Decided March 21, 1941)

*B. A. Levett (Meyer Ohlbaum* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Chas. D. Lawrence, Acting Assistant Attorney General, attorney for the defendant and B. A. Levett, attorney for the plaintiff, subject to the approval of the Court, that the merchandise covered by the reappraisements enumerated above, consists of bottles, vaporisateurs, capsules and pots, the bottles being similar in all material respects to the merchandise the subject of *United States* vs. *Guerlain, Inc.* decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under sec. 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisements enumerated above, is the same as the issue involved in the case of *United States* vs. *Guerlain, Inc. supra.*

It is further stipulated and agreed that:

A. As to those cases where the appraiser made the advance, the entered value of the merchandise here involved is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

B. As to those cases where the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, the appraised value of the merchandise here involved, less the addition made by the importer on entry under duress to meet the advances of the appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The reappraisements are waived as to all merchandise except bottles, vaporisateurs, capsules and pots.

It is further stipulated by the undersigned as counsel for the plaintiff, that he has personally examined the reappraisements covered by this stipulation and of his own knowledge certifies that said reappraisements have been properly signed and filed in time.

The reappraisements are submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the bottles, vaporisateurs, capsules, and pots advanced in value by the appraiser, the proper values are the entered values.

As to the bottles, vaporisateurs, capsules, and pots wherein the importer added on entry under duress to meet advances made by the appraiser, the proper values are the appraised values, less any additions made by the importer on entry under duress to meet advances made by the appraiser.

As to any other merchandise involved the appeals, having been waived, are hereby dismissed. Judgment will be rendered accordingly.